```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.08-14263-CIV-MARTINEZ
                              MAGISTRATE JUDGE P.A.WHITE

WILLIE JAMES CHANDLER, JR.,   :

       Petitioner,            :

v.                            :       REPORT OF MAGISTRATE
                                              JUDGE
STATE OF FLORIDA,             :             (DE#4)

       Respondent.            :
_____
```

The pro-se petitioner, Willie James Chandler, jr. filed a petition for writ of habeas corpus pursuant to 28 U.S.C.§2254, attacking his conviction in case no. 96-1011-CF entered on March 24, 1997, in Indian River County upon a plea of nolo contendere. (DE#1) Chandler is serving twenty-five years imprisonment, followed by five years probation for assault and battery charges. He has now filed a motion of acknowledgment, docketed as a motion to withdraw his petition for writ of habeas corpus stating he has filed it in the wrong Court. (DE#4)

The petitioner is correct. His petition is successive and should be filed in the Eleventh Circuit Court of Appeals. The petitioner filed a prior petition for writ of habeas corpus pursuant to 28 U.S.C.§2254, assigned Case No. 02-14345-Civ-Moore. The petition, attacking this same state conviction, was dismissed as time barred on December 10, 2003.[1] The Eleventh Circuit Court of Appeals dismissed his appeal, Case No. 07-11851 on June 20, 2007.

On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244,

---

[1] A petition dismissed as untimely counts for purposes of 2244(b). See Kelley v Kingston 2006 WL 1674461 (E.D. Wis.2006)

which now reads as follows:

    (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.

    (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
        (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
    (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
    (4) A district court shall dismiss any claim presented in a second or successive application that the

>     court of appeals has authorized to be filed unless the
>     applicant shows that the claim satisfies the
>     requirements of this section.
>
>         (c) In a habeas corpus proceeding brought in
>     behalf of a person in custody pursuant to the judgment
>     of a State court, a prior judgment of the Supreme Court
>     of the United States on an appeal or review by a writ of
>     certiorari at the instance of the prisoner of the
>     decision of such State court, shall be conclusive as to
>     all issues of fact or law with respect to an asserted
>     denial of a Federal right which constitutes ground for
>     discharge in a habeas corpus proceeding, actually
>     adjudicated by the Supreme Court therein, unless the
>     applicant for the writ of habeas corpus shall plead and
>     the court shall find the existence of a material and
>     controlling fact which did not appear in the record of
>     the proceeding in the Supreme Court and the court shall
>     further find that the applicant for the writ of habeas
>     corpus could not have caused such fact to appear in such
>     record by the exercise of reasonable diligence.
>     (Emphasis added.)

If the petitioner intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The petitioner will be provided with a form to apply for such authorization with this report.

It is therefore recommended that the petitioner's motion of acknowledgment (DE#4), docketed as a motion to withdraw his petition be granted, and this petition be dismissed without prejudice so that the petitioner may file for authorization from the Eleventh Circuit Court of Appeals.

Dated this 24th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Willie James Chandler, Jr., Pro-Se
DC#784679
Gulf Correctional Institution
500 The Steele Road
Wewahitchka, Florida 32465